## UNITED STATES v. KENNEDY BROS. ARMS CO.

**No. 6556.**—Invoice dated Guelph, Canada, May 17, 1944.
Certified May 18, 1944.
Entered at·St. Paul, Minn., June 9, 1944, etc.
Entry Nos. 107 and A–214.

(Decided November 26, 1946)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the plaintiff.

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the defendant.

KINCHELOE, Judge: This is an appeal for a reappraisement by the collector of customs at St. Paul, Minn., and relates to various life-saving cushions and "Buoy-O-Boys" imported by Kennedy Bros. Arms Co., St. Paul, Minn., from the Guelph Hosiery Co., Ltd., Guelph, Canada, on June 9, 1944, and February 6, 1945. The merchandise was entered and appraised on the basis of export value. The appraised values were at the entered values. The collector claims that the foreign value is the proper basis for appraisement. The entered, appraised, and claimed values are hereby tabulated as follows:

| Entry No. | Quantity | Merchandise (description) | Ent. value (per doz.) U. S. money | App. value (per doz.) Canadian money | Claimed value (p r doz.) Canadian money |
|---|---|---|---|---|---|
| 107 | 5 Doz | Cushions Embossed | $10. 00 | $9. 50. | $10. 00 |
| | 5 Doz | Cushions Glazed | 12. 50 | 11. 90 | 12. 50 |
| | 12 Doz | Buoy-O-Boys, Kiddies | 10. 00 | 9. 50 | 10. 00 |
| | 12 Doz | Buoy-O-Boys, Youths | 15. 00 | 14. 25 | 15. 00 |
| | 6 Doz | Buoy-O-Boys, Adults | 20. 00 | 19. 00 | 20. 00 |
| A–214 | 10 Doz | Cushions | 12. 50 | 11. 90 | 12. 50 |
| | | | Less discounts 5% and 9% | Net packed tax·included | Net packed |

The defendant in its brief draws attention to what it claims is a mistake of the Government in referring to the above deductions of 5 and 9 per centum from the entered values as discounts, as it appears from the affidavits of the exporting company (exhibits 2 and 3) that the allowance of 9 per centum was simply for the difference in the rate of exchange between the United States dollar and the Canadian dollar, in which the merchandise was sold. So that the only question for determination is whether the discount of 5 per centum was a proper deduction in ascertaining the dutiable value.

The burden is, of course, on the Government, as the appealing party,

of showing that such or similar merchandise as that involved in this case was, at the time of exportation, "freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade" at the prices claimed by the Government, without discount. Note *United States* v. *Downing Co.*, 20 C. C. P. A. 251, T. D. 46057, and *United States* v. *Joseph Horne Co.*, Reap. Dec. 6251.

The Government's evidence consists of two customs agent's reports dated September 26, 1944, and February 16, 1945, for the information of the appraisers at Toledo and Baltimore, respectively, on the subject of swimmer's buoys and waterproof cushions manufactured by the Guelph Elastic Hosiery Co., Ltd., of Guelph, Ontario, Canada, which reports were received in evidence as plaintiff's collective exhibit 1.

On page 4 of the report dated September 26, 1944, under the heading "Foreign Value," it is stated—

Identical safety floats and cushions are freely offered in the home market of Canada to Sporting Goods, Department and Chain Stores.

*Prices*

According to price list dated August 5, 1941 which is still in effect, copy of which is enclosed marked Exhibit 1.

The said price list which is headed "Net Prices, 1944 (Aug. 5, 1941)" sets forth the net prices per dozen to dealers, which prices correspond to the Government's claimed values, and also gives the prices for 3 or more dozen, which correspond to the appraised values herein. The said price list states further: "All prices F. O. B. Guelph. Sales Tax Included."

On page 5 of the same report, under the heading of "Discounts," it is stated:

Sales to jobbers in Ontario, Quebec and Maritime Provinces are accorded 20% off list price; on sales to jobbers in Western Canada 20% and 5% is allowed, retailers receive 5% discount.

On pages 5 to 7 of said report "representative sales in Canada" are set forth of quantities from one-quarter of a dozen to 12 dozen between February 1 to July 29, 1944. The tabulated sales total 101 in the following quantities:

6 sales in ¼ dozen quantities
16 sales in ½ dozen quantities
2 sales in ¾ dozen quantities
27 sales in 1 dozen quantities
4 sales in 1½ dozen quantities
15 sales in 2 dozen quantities
1 sale in 2½ dozen quantities
7 sales in 3 dozen quantities
8 sales in 4 dozen quantities
10 sales in 6 dozen quantities
1 sale in 8 dozen quantities
1 sale in 10 dozen quantities
3 sales in 12 dozen quantities

The plaintiff argues in its brief that applying the principles enunciated in *Jenkins Brothers* v. *United States,* 25 C. C. P. A. 90, T. D. 49093, for determining the usual wholesale quantities by tabulating "the greatest number of sales or offers for sale in a wholesale quantity" to the case at bar, it will be found that sales of 1 dozen are in the greatest number, and that therefore 1 dozen must be taken as the usual wholesale quantity. The Government also relies on the case of *United States* v. *Mexican Products Co.,* 28 C. C. P. A. 80, C. A. D. 129, in which it was held that:

In determining foreign and export values, as defined in section 402 (c) and (d), respectively, it is proper to consider only the market values or prices at which merchandise like or similar to that imported is freely offered for sale *to all purchasers* (not to the greater number, or to those of a particular class) in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade.

That case covered Mexican glassware, and there was only 1 sale in the usual wholesale quantity at net list prices as against 27 sales at list prices, less varying discounts of 5 to 21 per centum. The manufacturer's list prices were held to be the proper dutiable values of the merchandise.

In the present case, we find from the list of 101 "representative sales" (exhibit 1) that of the sales less than 1 dozen in quantity, some are at net list prices, and some are less 5 per centum discount. Of the 27 sales in 1-dozen quantities, almost all are at list prices, less discounts of 5 per centum and more, or the equivalent thereof, while 2 sales are at net list prices. Of the sales over 1 dozen and under 3 dozen in quantity, they all appear to be at list prices, less discounts of 5 per centum or more, excepting 2 sales of 2-dozen quantities at net. And of the sales of 3 dozen or more, they are all at discounts of 5 per centum or more from the list prices.

According to the affidavits of the exporting company (exhibits 2 and 3), they state that they also sell in very limited quantities to retailers who buy quantities of less than 3 dozen at list prices, without discounts, but that such sales are not made in the ordinary course of trade, but are in the nature of accommodation sales, and that they do not regard 3 dozen or less a wholesale quantity. Also that they have sold such or similar merchandise to only three other customers in the United States, and that their sales have been at list prices, less discounts ranging from 5 to 25 per centum, and that they are the only producers in Canada of merchandise such as or similar to the goods in question, so far as they know.

In regard to the customs agent's report dated September 26, 1944, setting forth "representative sales in Canada" from February 1 to July 7, 1944, it will be noticed that it does not cover the full period of time when the two shipments in question were made, nor does it

give a list of all the sales made by the exporter during such time, so that it is hardly sufficient to establish the usual wholesale quantity as 1 dozen cushions or floats, nor does it show conclusively that the merchandise covered by the said "representative sales" is the same as invoiced in the present case.

On the whole record and evidence I therefore find that the plaintiff has failed to establish that the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of Canada in the usual wholesale quantities and in the ordinary course of trade, etc., are other than the appraised values thereof. The presumption of correctness of the finding of the appraiser not having been overcome, I further find, in accordance with section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, that the proper dutiable values of the merchandise in question are as appraised by the appraiser.

Judgment will be rendered accordingly.